# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:13-cv-299-MR

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>POWER HOME TECHNOLOGIES, LLC, )<br>)<br>Defendant. ) | **DEFAULT JUDGMENT** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Default Judgment. [Doc. 13]. For the reasons that follow, Plaintiff's motion will be granted.

## PROCEDURAL BACKGROUND

Plaintiff Philadelphia Indemnity Insurance Company ("PIIC"), commenced this action against Defendant Power Home Technologies, LLC ("PHT"), on November 12, 2013, by filing its "Complaint for Declaratory Judgment." [Doc. 1]. Plaintiff forwarded a copy of its Complaint together with a Request for Waiver of Service of Process to the Registered Agent for PHT. [Doc. 2]. On December 13, 2013, counsel for PHT entered an

appearance in this matter [Doc. 5], and PIIC filed the Waiver of Service of Process executed by PHT's counsel. [Doc. 6]. PHT, by consent motion filed January 3, 2014 [Doc. 7], requested additional time to answer or otherwise respond to PIIC's Complaint. The Court entered an Order January 6, 2014, [Doc. 8], granting PHT until February 3, 2014, to file pleadings responsive to PIIC's Complaint.

On January 13, 2014, PIIC filed its "First Amended Complaint for Declaratory Judgment." [Doc. 9]. PHT failed to answer or otherwise respond to either PIIC's original Complaint or PIIC's Amended Complaint. On March 17, 2014, PIIC filed its motion for entry of default against PHT. [Doc. 10]. The Clerk entered default against PHT on March 19, 2014. [Doc. 12]. On April 11, 2014, PIIC filed its motion for default judgment against PHT. [Doc. 13]. PHT has not responded to PIIC's motion for default judgment and the same, therefore, is ripe for resolution.

## **FACTUAL BACKGROUND[1]**

PIIC issued policies of insurance to PHT covering the general liability of PHT's commercial property and business automobiles, as well as

---

[1]Following the Clerk's Entry of Default [Doc. 12], PIIC's Amended Complaint allegations concerning PHT's liability are admitted and deemed true. Fed.R.Civ.P. 8(b)(6) (allegations other than those relating to damages are admitted if a responsive pleading is required and the allegations are not denied); <u>Banco Bilboa Vizcaya Argentaria v. Family Rests., Inc.</u>, 285 F.3d 111, 114 (1st Cir. 2002) (party who defaults is taken to have conceded truth of factual allegations in complaint as establishing grounds for liability).

protecting PHT against commercial crime. [Doc. 1 at 4]. These policies are the Commercial General Liability policy [Doc. 1-1], and the Commercial Excess Liability policy. [Doc. 1-2]. Before PIIC filed its declaratory judgment Complaint against PHT herein, PHT had been named as a defendant in two actions brought by persons claiming that PHT had violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., and similar state statutes. Generally speaking, these laws prohibit unsolicited sales calls once an individual has placed his/her telephone number on the applicable "Do Not Call" registry. One action against PHT was brought in Mississippi [Doc. 1-5] and the other action was brought in Georgia. [Doc. 1-8]. PHT had submitted a claim for coverage and defense to PIIC based upon the first such action brought in Mississippi. [Doc. 16 at 4]. While investigating the Mississippi action, PIIC discovered the Georgia action. [Id.]. While PIIC prophylactically undertook representation of PHT in the Mississippi matter, it notified PHT that it was doing so "pending a judicial determination as to whether there is any potential for coverage for such claims under the Philadelphia Indemnity Policy." [Doc. 1-6 at 2].

On January 13, 2014, PIIC filed its Amended Complaint. [Doc. 9]. PIIC asserted the same claim as set forth in its original Complaint but expanded its request for relief to include a declaration of non-coverage of

PHT with regard to a third action filed against PHT. [Doc. 9 at 11-13]. The third action against PHT was brought in California and, like the Mississippi and Georgia matters, was based on allegations that PHT had violated the federal Telephone Consumer Protection Act by making unsolicited sales calls to individuals on the "Do Not Call" registry.

In this matter, PIIC contends that its policies issued to PHT specifically exclude coverage for any misconduct of its insured alleged to be in violation of the Telephone Consumer Protection Act and similar state statutes. PIIC seeks a declaration of non-coverage under its insurance policies issued to PHT with regard to the allegations PHT faces as a result of the Mississippi, Georgia, and California actions. [Doc. 9].

PHT's response to PIIC's Amended Complaint would have been due on January 30, 2014, by operation of Rule 15(a)(3), absent the Court's prior Order enlarging PHT's time to February 3, 2014. According to email transcripts filed with PIIC's Affidavit in Support of Entry of Default [Doc. 11], PIIC's counsel was willing to consent to an additional extension of time to March 14, 2014, in order to permit PHT to respond to the Amended Complaint. [Docs. 11-4; 11-5]. PHT neither accepted PIIC's extension offer nor filed any motions or pleadings in response to the Amended Complaint. PIIC moved for entry of default on March 17, 2014 (three days beyond the

period for which an extension of time had been offered to PHT by PIIC). [Doc. 10]. The Clerk entered PHT's default on March 19, 2014. [Doc. 12]. Since the Clerk's entry of PHT's default, the record discloses that PHT has not filed an answer or any pleading responsive to the Amended Complaint nor has it moved to have the entry of default set aside.

## **DISCUSSION**

Federal Rule of Civil Procedure 55(b)(1) permits the Clerk, in limited circumstances not present here, to enter a default judgment against a party. "In all other cases, the party must apply to the court for a default judgment." Fed.R.Civ.P. 55(b)(2). A claimant is not entitled to a judgment by default as a matter of right. "The dispositions of motions for entries of defaults and default judgments … are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." <u>Enron Oil Corp. v. Diakuhara</u>, 10 F.3d 90, 95 (2d Cir. 1993).

The Court begins by addressing two preliminary issues beginning with its jurisdiction. PIIC is a Pennsylvania corporation. [Doc. 9 at 2]. PHT was incorporated in Delaware but was later converted to a North Carolina limited liability company. [Doc. 15-1]. The parties are thus citizens of different states. For purposes of determining the amount in controversy in

5

a claim exclusively for a declaratory judgment, the Court considers "the value of the object of the litigation." Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 348 (1977), superseded on other grounds, United Food & Commer. Workers Union Local 751 v. Brown Group, 517 U.S. 544 (1996). The object of this litigation is PIIC's costs for defending PHT as well as its potential indemnification amount for which PHT could be held liable if the plaintiffs in any of the three underlying actions prevail against PHT. While PIIC has not alleged its costs of defending PHT to date, it has attached as an exhibit to its Amended Complaint the complaint filed in the Mississippi action which seeks a penalty of $385,000, an amount obviously greater than the $75,000 threshold. The Court, therefore, notes that it possesses subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 due to the diversity of the parties and due to the amount in controversy exceeding $75,000.

The second preliminary issue the Court addresses is PIIC's application for judgment by default. Since PHT has appeared in this matter through counsel, PHT is entitled to at least seven days' notice of PIIC's request for judgment before the Court may render its decision. Fed.R.Civ.P. 55(b)(2). PIIC filed its motion and memorandum for default judgment on April 11, 2014, indicating that the Clerk's electronic filing

system sent notice of these documents to counsel for PHT. [Docs. 13; 16]. The Clerk's docket sheet indicates that PHT has filed nothing responsive to PIIC's motion and memorandum for default judgment. Given the span of time from April, 2014, to the present, PIIC has satisfied the seven-day notice requirement.

The Court turns now to the consideration of whether a default judgment in favor of PIIC is appropriate in this case. Viewing the matter from the reverse angle, the Court "logically should consider whether factors are present that would later oblige the court to set that default judgment aside." 10 Moore's Federal Practice, § 55.31[2] (Matthew Bender 3d Ed. 2013) (footnote omitted). The factors the Fourth Circuit identifies as necessary for a party to set aside a default[2] are: (1) whether the defaulting party has a meritorious defense, (2) whether the defaulting party acts with reasonable promptness, (3) the personal responsibility of the defaulting party, (4) the prejudice to the non-defaulting party, (5) whether there is a

---

[2] Reviewing the denial of a Fed.R.Civ.P. 55(c) motion to set aside entry of default is not the same as reviewing the denial of a Rule 60(b) motion for relief from a default judgment. Although the Fourth Circuit has analyzed Rule 55(c) and Rule 60(b) motions using the same factors, see United States v. Moradi, 673 F.2d 725, 727–28 (4th Cir. 1982), the burden on a movant seeking relief under the two rules differs. While an analysis under each rule weighs similar factors, Rule 60(b)'s "excusable neglect" standard is a more onerous standard than Rule 55(c)'s "good cause" standard, which is more forgiving of party who has merely had default *entered* since that does not implicate any interest in the finality of a *judgment*. Colleton Prep. Academy, Inc. v. Hoover Univ., Inc., 616 F.3d 413, 420 (4th Cir. 2010).

history of dilatory action, and (6) where appropriate, the availability of sanctions less drastic. Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 203 (4th Cir. 2006). Several of these factors need not detain the Court long.

Factors two and six are not at issue in this case. With regard to factor two, PHT has not sought to set aside its default nor has it filed any response to PIIC's motion for default judgment. Factor six is not at issue because the Clerk's entry of default was consistent with PHT's failure to plead or otherwise answer PIIC's Amended Complaint and was not a sanction, as that term is commonly understood. See, e.g., Fed.R.Civ.P. 37(b)(2)(A)(vi) (if a party fails to obey a discovery order, the court may sanction the party by "rendering a default judgment against the disobedient party").

An analysis of factors three and five weigh in favor of PIIC. The responsibility for PHT's default rests with PHT's counsel. PHT's counsel agreed to waive service of process [Doc. 6] and entered a formal appearance on behalf of PHT. [Doc. 5]. Similarly, PHT's counsel obtained an order extending PHT's time to answer or otherwise plead to PIIC's Complaint [Doc. 8] but failed, ultimately, to do so. Finally, PIIC's counsel was willing to consent to an additional extension of time to March

14, 2014, in order to permit PHT to respond to the Amended Complaint. [Docs. 11-4; 11-5]. PHT, however, neither accepted PIIC's extension offer nor filed any motions or pleadings in response to the Amended Complaint. The Court concludes, therefore, that the history of this case suggests a conscious decision on the part of PHT to ignore PIIC's allegations and its duty to respond thereto, and not merely "dilatory action" on the part of PHT.

When considering whether the PHT has a meritorious defense under factor one, the Court concludes it does not. To enter default judgment, a court must find that the complaint alleges a legitimate cause of action and "the well-pleaded allegations of the complaint support the relief sought." Ryan v. Homecomings Financial Network, 253 F.3d 778, 780 (4th Cir. 2001). In this diversity action, North Carolina law – the substantive law of the forum state – applies. Twin City Fire Ins. Co. v. Ben Arnold-Sunbelt Beverage Co., 433 F.3d 365, 369 (4th Cir. 2005). This is so since the law of the state where the last binding act occurred controls the interpretation of the contract. Fortune Ins. Co. v. Owens, 351 N.C. 424, 428, 526 S.E.2d 463, 466 (2000) (the general rule, with regard to insurance contracts, is that the principle of lex loci contractus mandates that the substantive law of the state where the last act to make a binding contract occurred, usually delivery of the policy, controls the interpretation of the contract). As "well-

9

pleaded" by PIIC, the insurance policies at issue in this matter were entered into and delivered in North Carolina. [Doc. 9 at 5]. Therefore, North Carolina law applies to the evaluation of coverage and PIIC's duty, if any, to defend PHT.

Under North Carolina law, the party claiming the benefit of coverage bears the initial burden of proof. Fortune, 351 N.C. at 430, 526 S.E.2d at 467. The insured is usually the party claiming the benefits of coverage and, therefore, the insured is usually the party bearing the burden of proving coverage. In such a circumstance where the insured makes a *prima facie* case for coverage, the burden would shift to the insurer to show the insured's coverage is barred by any policy exclusion. Id. Even if the general terms of PIIC's policies mandated coverage of PHT such that PIIC must defend and indemnify PHT based on the claims made against PHT in the Mississippi, Georgia, and California matters, the Court concludes that the policies' exclusion provisions negate such coverage. These exclusions explicitly preclude coverage for liability of the type resulting from the improper solicitation allegations raised in the Mississippi, Georgia, and California matters.

In each of the Mississippi, Georgia, and California matters, the respective plaintiffs generally assert that PHT unlawfully: (1) made or

caused to be made in the respective States unauthorized telephone solicitations to registered numbers listed in an approved "no-call" database, (2) made or caused to be made in the respective States unauthorized telephone solicitations without the consent of the person called and for no "emergency purpose," and (3) utilized an automated dialing system or any like system that used a recorded voice message to communicate with the consumers in making or causing to be made said unauthorized telephone solicitations. [Docs. 9-5 at p.4; 9-8 at pp.3-4; 9-10 at pp.4-6]. The plaintiff in the Mississippi action alleged that PHT committed these acts in violation of the Mississippi Telephone Solicitation Act, Miss. Code Ann. § 77-3-701 et seq. [Doc. 9-5 at 2]. The plaintiffs in the Georgia and California actions alleged that PHT committed these acts in violation of the federal Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. [Docs. 9-8 at 3; 9-10 at 6]. The policies of insurance issued to PHT included an exclusion that specifically states that PIIC's insurance coverage does not apply to "bodily injury," "property damage," or "personal and advertising injury," as those terms are defined in the policies, arising directly or indirectly out of any action or omission that violates or is alleged to violate the "federal Telephone Consumer Protection Act" or "any federal, state or local statute, ordinance or regulation, that addresses, prohibits, or limits the printing,

dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information." [Doc. 9-1 at 18]. It is clear that improper solicitation allegations raised in the Mississippi, Georgia, and California matters fall squarely within the purview of PIIC's exclusion from coverage contained in the policies issued to PHT. The analysis of this factor weighs in favor of PIIC.

Turning to the final factor, whether any prejudice would flow to PIIC, as the non-defaulting party, should the Court refrain from entering judgment by default against PHT, the Court concludes PIIC would suffer prejudice. PIIC's insurance policies issued to PHT cover not only PIIC's duty to indemnify PHT, in the event it is found liable for some compensable occurrence listed in the policies, but also its duty to provide a defense for PHT during any litigation that may lead to a finding of liability for some compensable occurrence. PIIC's primary purpose in bringing this declaratory judgment suit is to obtain a judicial determination as whether it must pay to defend PHT in the Mississippi, Georgia, and California matters first and foremost. Because the Court has determined that PIIC, under the exclusion provisions of the insurance policies issued to PHT, is absolved from providing any such defense, PIIC's additional expenditure of funds to pay counsel to represent PHT would be unnecessary. Therefore, the

analysis of this last factor weighs in favor of PIIC.

In sum, the Court determines in its discretion that default judgment in favor of PIIC is appropriate in this case. After considering the six factors identified by the Fourth Circuit that could lead the appellate court to set aside the default judgment herein, the Court concludes that four factors (numbers 1, 3, 4, and 5) weigh in favor of granting PIIC judgment by default, and that two factors (numbers 2 and 6) are not at issue in this case.

## ORDER

Accordingly, **IT IS, THEREFORE, ORDERED** that Plaintiff Philadelphia Indemnity Insurance Company's Motion for Default Judgment [Doc. 13] as to Defendant Power Home Technologies, LLC, is hereby **GRANTED;**

**IT IS FURTHER ORDERED AND DECLARED** that the insurance policies issued by PIIC to PHT as alleged in the Amended Complaint: (1) do not provide coverage applicable to the relief demanded by the plaintiffs in the Mississippi, Georgia, and California matters (as those matters are more identified by PIIC in its Amended Complaint); (2) do not obligate PIIC to defend PHT against the claims raised by the plaintiffs in the Mississippi, Georgia, and California matters (as those matters are more fully identified by PIIC in its Amended Complaint); do not obligate PIIC to indemnify PHT

for any loss PHT may sustain from the acts alleged in the Mississippi, Georgia, and California matters (as those matters are more identified by PIIC in its Amended Complaint).

**FINALLY IT IS ORDERED** that the costs be taxed to the Defendant.

**IT IS SO ORDERED.**

Signed: July 31, 2014

Martin Reidinger
United States District Judge